Vacated by Supreme Court, June 21, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4118**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DESMOND JAMAR SMITH,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (4:08-cr-00033-BR-1)

Submitted:  October 30, 2009          Decided:  December 9, 2009

Before MICHAEL and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Jamar Smith pled guilty without a plea agreement to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced to 210 months in prison. Smith's sole argument on appeal is that the district court erred in sentencing him as an armed career criminal because he alleges that: (i) his four prior North Carolina felony breaking and entering convictions were not proper predicate offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), since they allegedly do not involve conduct that is purposeful, violent and aggressive and were not punishable by more than twelve months' imprisonment; and (ii) his Fifth and Sixth Amendment rights were violated when the district court enhanced his sentence based on uncharged facts about prior convictions neither admitted to by Smith, nor proven beyond a reasonable doubt. Finding no error, we affirm.

Smith contends that we should review the district court's decision that his prior convictions for breaking and entering are violent crimes under the ACCA in light of the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581 (2008) (holding that a "violent felony" under the "otherwise" clause in 18 U.S.C. § 924(e) (2006) must be roughly similar to enumerated crimes), and Chambers v. United States,

2

129 S. Ct. 687 (2009) (holding, in accord with Begay, that failure to report for penal confinement is not a violent felony under § 924(e)). Begay was decided well before Smith pled guilty or was sentenced, but he did not object to his armed career criminal status on this ground in the district court. Therefore, this issue is reviewed for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

We look to our case law interpreting both the terms "crime of violence" under U.S. Sentencing Guidelines Manual § 4B1.1 (2008) and "violent felony" under § 924(e) because the language defining these terms is "nearly identical [] and materially indistinguishable." United States v. Roseboro, 551 F.3d 226, 229 n.2 (4th Cir. 2009). Burglary of a dwelling is one of the crimes enumerated in § 4B1.2(a)(2) as a crime of violence. As Smith concedes, this court has held that the North Carolina offense of breaking and entering is "generic burglary." United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (following Taylor v. United States, 495 U.S. 575 (1990), in interpreting § 924(e)). Because the Supreme Court in Begay made clear that "a felony that is one of the example crimes" specifically enumerated in the statute (i.e., burglary) is a proper predicate offense, Smith was properly sentenced as a career offender.

Smith also asserts that he lacked the required predicate convictions for his armed career criminal status because, under North Carolina's structured sentencing scheme, his particular prior convictions were not punishable by a term of imprisonment exceeding one year. Smith nonetheless correctly concedes that his argument is foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005) (holding that to determine if a crime is punishable by a term exceeding one year, a sentencing court should consider "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history").

Last, Smith argues that the district court violated his constitutional rights when it sentenced him as an armed career criminal because the predicate felony convictions used to increase the statutory penalties for his offense were not alleged in the indictment or admitted by him as part of his guilty plea. This argument fails under controlling circuit precedent. See Thompson, 421 F.3d at 284 n.4 (holding that an indictment need not reference or list the prior convictions underlying the enhancement); see also United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005) (holding that prior convictions used as the basis for an armed career criminal sentence need not be charged in the indictment or proven beyond a reasonable doubt).

Moreover, although Smith recognizes that the Supreme Court has also held that the Government need not plead a prior conviction in an indictment or present such evidence to a jury in order to rely on it to enhance a sentence, see Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 247 (1998), he asserts that Almendarez-Torres was incorrectly decided, as suggested in Apprendi v. New Jersey, 530 U.S. 466, 489 (2000) ("[I]t is arguable that Almendarez-Torres was incorrectly decided."), and Shepard v. United States, 544 U.S. 13, 27 (2005) (Thomas, J., concurring) (noting that "a majority of the Court now recognizes that Almendarez-Torres was wrongly decided") (citations omitted). Though many defendants have argued that the prior conviction exception set forth in Almendarez-Torres may no longer be good law, Booker clearly maintained the prior conviction exception. See United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence . . . must be admitted by the defendant or proved to a jury"). Thus, while a sentencing court is not permitted to resolve disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record," Shepard, 544 U.S. at 25, a determination that a defendant is eligible for sentencing under the ACCA may be based on a judge's determination that the predicate convictions are for violent

felonies or drug trafficking crimes if the qualifying facts are inherent in the predicate convictions and the court is not required to perform additional fact finding. See Thompson, 421 F.3d at 282-83; see also Cheek, 415 F.3d at 354 (holding that, under the Sixth Amendment, the fact of a prior conviction need not be submitted to the jury or admitted by the defendant for it to serve as the basis for a sentence enhancement). Accordingly, we find that the district court's armed career criminal enhancement to Smith's offense level was not unconstitutional.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED