**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4118**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

DESMOND JAMAR SMITH,

                Defendant – Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 09-9611)

Submitted:  September 8, 2011        Decided:  September 27, 2011

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Attorney, Raleigh, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Anne M. Hayes,
Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Jamar Smith pled guilty without a plea agreement to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced to 210 months in prison. Smith timely appealed, asserting that under United States v. Rodriquez, 553 U.S. 377, 389 (2008) (cautioning that when a judgment of conviction, charging document or plea colloquy "do[es] not show that the defendant faced the possibility of a recidivist enhancement," the Government might be precluded from establishing that the conviction is a qualifying offense triggering application of a sentencing enhancement), the district court erred when it classified him as an armed career criminal under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.4(b)(3)(B) (2008), and the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2011), because it failed to consider his particular criminal history in determining the maximum punishment he faced under state law for the offenses underlying his ACCA classification.

We affirmed the district court's judgment, rejecting, in relevant part, Smith's argument as contrary to United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that in order to "determine whether a conviction is for a crime punishable by a prison term exceeding one year . . . . [the Court]

2

consider[s] the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"). See United States v. Smith, 354 F. App'x 830, 832 (4th Cir. 2009) (No. 09-4118) (unpublished). Smith filed a petition for writ of certiorari with the Supreme Court, and the Supreme Court vacated this court's order affirming the criminal judgment and remanded the case to this court for further consideration in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2587 n.12 (2010) (stating that it held in Rodriquez that "a recidivist finding could set the 'maximum term of imprisonment,' *but only* when the finding is part of the record of conviction") (emphasis added). In United States v. Simmons, ___ F.3d ___, 2011 WL 3607266, *3 (4th Cir. Aug. 17, 2011), we considered the question that Smith raises and concluded that a North Carolina offense may not be classified as a felony punishable by imprisonment for more than one year under the Controlled Substances Act based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. We therefore vacate Smith's sentence and remand the matter to the district court for resentencing under Simmons, but reinstate our previous order affirming Smith's conviction and rejecting Smith's remaining assignments of error pertaining to his sentence.

3

Smith did not assert in the district court that his armed career criminal predicate convictions were improper because they were not punishable by a term of imprisonment greater than one year. Accordingly, we review the appellate challenge to his armed career criminal classification for plain error. See United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010). To establish plain error, Smith must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). Even if Smith makes this showing, however, we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). Smith has established plain error.

First, although the Government asserts that North Carolina Class H felony convictions like Smith's prior state convictions generally carry a maximum possible term of thirty months' imprisonment, the Government concedes that based on Smith's prior state record level and the lack of statutory aggravating or mitigating factors, Smith was subject to a state sentencing range of eight to ten months' imprisonment for those convictions. See N.C. Gen. Stat. § 15A-1340.17(c), (d) (2009). Thus, it was error for the district court to classify Smith as

4

an armed career criminal based on his prior state convictions for which he did not face more than one year in prison. See Simmons, 2011 WL 3607266 at *3.

We also hold that the district court's error was "plain." For purposes of plain error review, "'[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.'" Olano, 507 U.S. at 734. "An error is plain 'where the law at the time of trial was settled and clearly contrary to the law at the time of appeal.'" United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (quoting Johnson v. United States, 520 U.S. 461, 468 (1997)); accord United States v. David, 83 F.3d 638, 645 (4th Cir. 1996) (holding that an error is plain when "an objection at trial would have been indefensible because of existing law, but a supervening decision prior to appeal reverses that well-settled law"). When Smith objected to his Guidelines range calculation in the district court, any objection based on the length of sentence he faced for his state crimes was foreclosed by Harp. Because Simmons has now overruled Harp, however, we find that the district court's error was plain. See Simmons, 2011 WL 3607266 at *3 ("[W]e now conclude that Harp no longer remains good law.").

The error also affected Smith's substantial rights. In fact, had Smith not been classified as an armed career criminal, his Guidelines range would have been lower than the

5

one adopted by the district court and if the district court were to sentence Smith to the top of his non-ACCA Guidelines range (as it did under the ACCA Guidelines range), Smith's sentence would be less than the 210-month sentence he received. See USSG ch. 5, pt. A.

Because Smith received a longer sentence than he would have received were it not for his ACCA classification, we notice the district court's sentencing error and vacate Smith's sentence and remand for resentencing under Simmons.[*] We nonetheless reinstate our previous order affirming Smith's conviction and rejecting Smith's remaining assignments of error pertaining to his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] We of course do not fault the Government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Smith's sentencing.